1 CRIS C. VAUGHAN SBN 99568
2 Vaughan & Associates Law Offices
3 6207 South Walnut Street, Suite 800
Loomis, CA 95650
4 Telephone: 916-660-9401
Facsimile: 916-660-9378
5 Email: ccvaughan@sbcglobal.net

6 Attorney for Plaintiff
DAZELL MALLORY
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 DAZELL MALLORY, | CASE NO.:

12 Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF ON DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; AND RELATED CODES AND REGULATIONS**

13 v.
14
15 HOMONG PAN, individually and dba FOOTHILL WASHHOUSE, and DOES 1-50,
16
17 Defendants.
18

19 **DEMAND FOR JURY**

20

21 Plaintiff, Dazell Mallory, alleges as follows:

22 **I. PLAINTIFF**

23 1. Plaintiff, Dazell Mallory (hereinafter "Plaintiff") is legally blind. Plaintiff
24 has substantial limitations on many of his major life activities. Plaintiff is a "person with
25 a disability" and "physically handicapped person" as defined in all applicable

California and United States laws and a person whose rights are protected by these laws.

2. This is a civil rights action by Plaintiff for discrimination by Defendant Homong Pan, individually and dba Foothill Washhouse.

## II. DEFENDANTS

3. Plaintiff is informed and believes that Defendant Homong Pan is the owner and operator of the Foothill Washhouse located at 211 Foothill Boulevard, Oakland, California.

4. Plaintiff is informed and believes that Defendants, and each of them are, and were, the owners, operators, managers, lessors and lessees of the Foothill Washhouse at all times relevant herein.

5. The true names and capacities, whether individual, corporate, associate, government, or otherwise, of Defendants, Does 1 through 50, inclusive, are unknown to Plaintiff. Plaintiff is informed and believes that each of the Defendants herein including Does 1 through 50, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 50, inclusive, are ascertained.

6. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some form or manner for the acts and omissions of the other Defendants thereby proximately causing the damages complained of herein.

///

### III. JURISDICTION

7. This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

8. Supplemental jurisdiction for claims brought under related causes of action arising from the same facts under California law is predicated on 28 U.S.C. §1367.

9. Plaintiff's claims are also authorized by 28 U.S.C. §§2201 and 2202.

### IV. INTRADISTRICT

10. This case should be assigned to the Oakland Intradistrict Court because the incident occurred in, and Plaintiff's rights arose in, the Oakland Intradistrict.

### V. SUMMARY OF FACTS

11. Plaintiff has been a customer of Defendant Foothill Washhouse for the last eight to ten years. During this time, Plaintiff lost his sight.

12. After losing his sight, Plaintiff continued to be a customer of the Foothill Washhouse because he was familiar with the business.

13. After losing his sight, Plaintiff began to be treated differently by Defendant Pan on each occasion where he would come to the Foothill Washhouse to wash his clothes. After losing his sight, each time Plaintiff went to the Foothill Washhouse, he was made to wait while other customers were being served even though the other customers arrived after Plaintiff arrived at the business.

14. On one occasion, Plaintiff arrived at the business and was told by Pan that he would not assist Plaintiff and that Plaintiff would have to leave and come back in ten minutes as Pan was eating his lunch.

15. The continuous delays experienced by Plaintiff were so significant and obvious that other customers told Pan he was required to wait on Plaintiff as any customer and that it was unlawful for him to delay waiting on Plaintiff just because he

was vision-impaired.

16. On at least six occasions in the last two years, Plaintiff has been told to wait or refused timely service which Plaintiff believes is solely based on the fact that Plaintiff is now vision-impaired. Defendants' failure and refusal to provide Plaintiff timely assistance and service made Plaintiff feel like a second-class citizen and that he was unable to use the Washhouse facilities as any other customer because of the way he was treated by Defendant Pan and being required to wait while other customers were helped and while Pan did other chores and tasks instead of timely assisting Plaintiff in using the facilities.

17. The conduct of Defendants Pan and Foothill Washhouse interfered with and denied Plaintiff's ability to have full and equal access and use and enjoyment of the goods, services, privileges and accommodations afforded by these Defendants to other non-disabled patrons to the injury and damage of Plaintiff.

18. Defendants knew, or should have known, that their conduct as alleged in this Complaint was in violation of state and federal law for accommodation of persons with physical disabilities and interfered and denied Plaintiff full access to the services provided by Defendants based solely on his physical disability.

19. At all relevant times, Defendants had sufficient possession, control and authority over the facility in order to provide Plaintiff the goods and services supplied by Defendant Foothill Washhouse to all other patrons. Defendants failed to provide service to Plaintiff comparable to service provided to all other patrons resulting in Plaintiff being denied full and equal access to the goods and services provided by Defendants based on his physical disability.

20. Plaintiff seeks recovery of damages resulting from the discriminatory conduct of Defendants and seeks recovery of reasonable attorney's fees and litigation

expenses and costs together with damages according to statute. The Plaintiff seeks monetary damages based upon the statutory minimums under California Civil Code §51(f) and 52.

## VI. FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101 et seq.

21. Plaintiff realleges and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein.

22. As part of the Americans With Disabilities Act ("ADA), Public Law 101-336, Congress passed "Title III – Public Accommodations and Services Operated by Private Entities" (42 U.S.C. 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this Title, per §12182.

23. Title III further holds that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. §12182(a).

24. Plaintiff is informed and believes and on that basis alleges that Defendants were providing services which are covered by the ADA.

25. Defendants discriminated against Plaintiff by denying him "full and equal enjoyment" of the services they provided to the general public while they were primarily engaged in the business of providing these services and whose operations affect commerce.

/ / /

26. As alleged herein, Defendants violated the ADA and applicable California statutes by failing to provide Plaintiff full and equal enjoyment of the services provided by Defendants.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

## VII. SECOND CAUSE OF ACTION
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE §51 et seq.

27. Plaintiff realleges and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them herein.

28  At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

29. Plaintiff suffered damages as above described as a result of Defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Summary of Facts, *supra*, the contents of which cause of action is incorporated herein.

30. California Civil Code §52(a) provides that each such violation entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a

1  court sitting without a jury, up to a maximum of three times the amount of actual
2  damage but in no case less than four thousand dollars ($4,000.00), and any attorney's
3  fees that may be determined by the court in addition thereto…."
4      31.    On the above occasions when the Plaintiff used the services of Defendants,
5  he was not allowed full and equal enjoyment and access to the services of Defendants
6  because of Defendants' conduct. As a result, Plaintiff experienced difficulty and
7  discomfort and was made to feel like a second class citizen.
8      32.    Plaintiff was damaged by Defendants' wrongful conduct and seeks
9  statutory minimum damages of four thousand dollars ($4,000.00) for each offense or
10 event of discrimination.
11     WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## X. PRAYER

13 WHEREFORE, Plaintiff prays judgment against Defendants as follows:
14     1.    That the Court issue a preliminary and permanent injunction directing
15 Defendants as current owners, operators, lessors, managers, security managers, and/or
16 lessees of Foothill Washhouse to establish policies and procedures so that it provides
17 full and equal access to all persons, including persons with physical disabilities as
18 required by law;
19     2.    That the Court retain jurisdiction over the Defendants until such time as
20 the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions
21 complained of herein no longer occur, and cannot reoccur;
22     3.    That Plaintiff be awarded all appropriate damages, including but not
23 limited to statutory damages, general damages, special damages, punitive/exemplary
24 damages and treble damages in an amount within the jurisdiction of the Court, all
25 according to proof;

4. That Plaintiff be awarded all of his reasonable statutory attorney's fees, litigation expenses, and costs of this proceeding as provided by law;

5. That Plaintiff be awarded prejudgment interest pursuant to Civil Code §3291; and

6. Such other and further relief as the Court deems just and proper.

Dated: May 16, 2014                    **VAUGHAN & ASSOCIATES LAW OFFICES**


By: */s/ Cris C. Vaughan*
    CRIS C. VAUGHAN
    Attorney for Plaintiff DAZELL MALLORY


## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 16, 2014                    **VAUGHAN & ASSOCIATES LAW OFFICES**


By: */s/ Cris C. Vaughan*
    CRIS C. VAUGHAN
    Attorney for Plaintiff DAZELL MALLORY